# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRANDI GRAVES JACKSON AND | § | |
| ALBERT JACKSON | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-727 |
| | § | Judge Clark/Judge Mazzant |
| JPMORGAN CHASE BANK, N.A. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. #32). After reviewing the motions and the response thereto, the Court finds the motion is denied.

The deadline for Plaintiffs to amend pleadings was July 3, 2014. The deadline to file dispositive motions was July 17, 2014, and Defendant timely filed a motion for summary judgment. That motion is currently fully briefed and ripe for ruling by the Court. On August 13, 2014, Plaintiffs filed their motion for leave to file their second amended complaint (Dkt. #32). On August 18, 2014, Defendant filed its response in opposition (Dkt. #33).

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Under Federal Rule of Civil Procedure 16(b), a schedule may be modified for "good cause." *Id.* The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause" a party must show that it "could not

1

have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters.*, 315 F.3d at 536-38.

Plaintiffs do not explain their failure to timely move for leave to amend, and argue only that they need to amend their complaint to add an additional ground for breach of contract. Plaintiffs seek to incorporate a claim for violations of regulations of the HUD Secretary which they argue have been incorporated into the terms of the loan documents. If Plaintiffs' allegations are true, then Plaintiffs have been aware of the claim since this lawsuit was filed. Plaintiffs do not give any reason why they failed to timely move for leave to amend, and this factor does not weigh in favor of amendment.

Plaintiffs do not appear to argue that their proposed amendments are important, and do not allege that they have been damaged in any way by the alleged failure to comply with the HUD regulations for a face-to-face meeting. In addition, Defendant states that Plaintiffs have conducted no discovery on this issue to determine what efforts Defendant made to meet with Plaintiffs. Thus, this factor also does not weigh in favor of amendment.

As for the prejudice to Defendant, the Court finds that Defendant would be substantially prejudiced. At this time, Defendant has filed a motion for summary judgment, and that motion has been fully briefed and is ripe for a decision by the Court. This case is set for trial in March of 2015, and this Court has a large docket of summary judgment motions to resolve before that time. Allowing Plaintiffs to amend at this point would deprive Defendant of an opportunity to file a dispositive motion and obtain a ruling prior to the trial docket, and Defendant would also need to conduct additional discovery on the additional allegations. The Court finds that this would substantially prejudice Defendant.

Regarding the fourth factor, given this Court's large docket there is no continuance available to cure the prejudice to Defendant.

Finally, Plaintiffs have not shown that they "could not have met the deadline despite [their] diligence." Plaintiffs do not address this argument, and, as the Court stated, if the terms are incorporated into the Deed of Trust, Plaintiffs should have been aware of these allegations at the inception of the lawsuit. For these reasons, the Court finds that Plaintiffs have not shown good cause for the amendment.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. #32) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of September, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE